IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHELLE BELL,

 Plaintiff,

vs.            Case No. 4:12cv461-WS/CAS

HOAGIES & HEROS
EATERY & PUB, INC.,

 Defendant.

             /

## REPORT AND RECOMMENDATION

  After irreconcilable differences arose between Plaintiff and her counsel, a consented motion to withdraw, doc. 33, was granted. Doc. 37. Plaintiff has been deemed to be pursuing this case pro se and has not secured new counsel to represent her. *See* doc. 37.

  On May 3, 2013, Defendant filed a motion to dismiss Plaintiff's amended complaint because Plaintiff failed to appear at her deposition. Doc. 34. Plaintiff was provided a copy of the motion and directed to file a response in opposition to the motion. The June 14, 2013, deadline has passed and, despite a warning to Plaintiff that "[f]ailure to file a responsive memorandum may be sufficient cause to grant the

motion" pursuant to N.D. Fla. Loc. R. 7.1(C)(1), doc. 37, Plaintiff has not responded. Defendant's motion to dismiss is, accordingly, unopposed and should be granted.

Defendant's motion demonstrates that counsel for Plaintiff sought to withdraw, in part at least, because of "Plaintiff's own failure to participate in this case." Doc. 34 at 1. Plaintiff did not attend her April 9, 2013, scheduled deposition and Plaintiff's counsel advised that, although Plaintiff "had indeed been advised of the deposition [but] despite further efforts [Counsel] was unable to contact her on the date of the scheduled deposition." *Id.* Attempts to reset the deposition were not successful and Plaintiff has not responded to the court order. *Id.* at 1-2. Plaintiff has hindered discovery to the point that this case could not go forward without prejudicing Defendant. Plaintiff was directed to respond by court order, and warned of dismissal if she failed to do so, but Plaintiff has chosen to remain silent.

Sanctions may be imposed under Rule 37 when a party "fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d). Permissible sanctions include dismissing the action or proceeding. FED. R. CIV. P. 37(b)(2)(A)(v). In addition, the Court may "require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified . . . ." FED. R. CIV. P. 37(d)(3). This record demonstrates that Plaintiff was served with notice and knew of the scheduled deposition. Plaintiff has hindered discovery and shown bad faith in this litigation by failing to communicate with her counsel, or with this Court. Even when confronted with possible dismissal, Plaintiff has not shown a desire to continue this case. Because Plaintiff has refused to prosecute this action, failed to submit to her own deposition, and failed to respond to a

court order, Defendant's motion for sanctions and dismissal, doc. 34, should be granted. Judgment should include the costs incurred in the removal of this case ($350.00) and fees incurred due to Plaintiff's failure to attend the deposition ($90.00).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss this case, doc. 34, be **GRANTED**, and that judgment be entered in Defendant's favor with costs of $440.00 as the reasonable expenses caused by Plaintiff's failure to prosecute pursuant to FED. R. CIV. P. 37(d)(3).

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**